Weng v. Holder

BIA
Hom, IJ
A087 790 944

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fourteen.

PRESENT:
>    RALPH K. WINTER,
>    DENNIS JACOBS,
>    SUSAN L. CARNEY,
>         *Circuit Judges.*

_____

YUECHAN WENG,
>    *Petitioner,*

>    v.                                  14-105
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; Jeffrey R. Meyer,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yuechan Weng, a native and citizen of China, seeks review of the December 23, 2013, decision of the BIA affirming the November 2, 2011, decision of the Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuechan Weng,* No. A087 790 944 (B.I.A. Dec. 23, 2013), *aff'g* No. A087 790 944 (Immig. Ct. N.Y. City Nov. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that, even assuming Weng's credibility, she did not meet her burden of establishing that she suffered past persecution or had a

2

well-founded fear of future persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citations omitted). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Weng testified that, while she was detained following her arrest for worshiping in an unsanctioned church, one police officer hit her in the face with a religious pamphlet about 20 or 30 times, which resulted in bruising requiring topical anti-inflammatory medication. The agency reasonably determined that such an account was insufficient to establish harm with the requisite severity to constitute persecution. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("[W]e find no error in the BIA's conclusion that [petitioner] failed to establish persecution because . . ., prior to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no *lasting physical effect*." (emphasis in original)).

3

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant need not "provide evidence that there is a reasonable possibility [] she would be singled out individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii). Irrespective of the theory, the agency did not err in finding that Weng failed to demonstrate a well-founded fear of persecution.

The agency acknowledged that the Chinese government treated leaders and members of certain religious groups poorly, but reasonably noted that the country conditions evidence indicated that the Chinese government permits small groups to worship in homes without registering and does not interfere with unregistered religious groups in certain

4

areas of the country. That evidence did not compel a finding that Weng's fear of being singled out for persecution is objectively reasonable, or that there is a pattern or practice of persecution against similarly situated practitioners. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) (providing that the agency is not compelled to resolve conflicts in record evidence in the applicant's favor so long as substantial evidence raises doubts that authorities will single out the applicant for persecution and the agency does not overlook contrary evidence); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern-or-practice claim).

Accordingly, because the agency reasonably found that Weng failed to demonstrate a well-founded fear of persecution on account of her practice of Christianity, it did not err in denying asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

5

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk